IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| NICHOLAS POULOS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 19-2629-JAR |
|  | ) |  |
| BRICKLEY ENTERPRISES, LLC, | ) |  |
| d/b/a AJ'S SERVICES, LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **ORDER TO SHOW CAUSE**

Plaintiff filed this personal injury action against defendants Brickley Enterprises, LLC, d/b/a AJ's Services, LLC; Brickley Holdings, Inc., d/b/a AJ's Services, LLC; AJ's Services, LLC; and Daniel Johnson.[1] The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[3] And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is

---

[1] ECF No. 1.

[2] *Id.*

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

determined by the citizenship of each one of its members.[4] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[5] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6]

Here, plaintiff is a resident and citizen of Iowa.[7] Defendant Daniel Johnson is a citizen and resident of Kansas.[8] Defendant Brickley Holdings, Inc., d/b/a AJ's Services, LLC, is a Kansas corporation with its principal place of business in Kansas.[9] The complaint indicates defendants Brickley Enterprises, LLC, d/b/a AJ's Services, LLC, and defendant AJ's Services, LLC, are Kansas limited liability companies, but the complaint is silent as to the identity and citizenship of their individual members.[10] Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes.

IT IS THEREFORE ORDERED that by **October 29, 2019,** plaintiff shall file an

---

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[7] ECF No. 1.

[8] *Id.*

[9] *Id.*

[10] *Id.*

amended complaint demonstrating the citizenship of each defendant.

Dated October 15, 2019, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge