IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

NICHOLAS POULOS,

    Plaintiff,

    v.                                        Case No. 19-2629-JAR

BRICKLEY ENTERPRISES, LLC, et al.,

    Defendants.

ORDER

This diversity case involves a motor-vehicle accident that occurred when plaintiff's car hit a truck driven by defendant Daniel Johnson in the scope of Johnson's employment with defendant Brickley Enterprises, LLC ("Brickley"). Alleging Johnson slowed the truck on an interstate highway in an attempt to make an illegal U-turn, plaintiff's complaint asserts negligence and negligence per se claims against Johnson and Brickley. Plaintiff has filed a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) (ECF No. 24). Defendants oppose the motion in part, arguing proposed additional claims would be futile and unduly prejudicial. Because the undersigned U.S. Magistrate Judge, James P. O'Hara, finds no undue prejudice and that defendants' arguments regarding futility involve issues more appropriately addressed in a dispositive motion, the motion for leave to amend the complaint is granted.

1

**Background**

Plaintiff filed his first complaint in October 2019. He alleged that on the afternoon of April 27, 2018, his car collided with Johnson's truck in the southbound lane of Interstate 35 ("I-35") when Johnson slowed in an attempt to make a U-turn between concrete median barriers. Plaintiff asserts he suffered severe injuries as a result of the collision.

Plaintiff seeks to amend his complaint in three ways. First, he asks to dismiss two business entities related to Brickley—Brickley Holdings Inc. d/b/a/ AJ's Services, LLC and AJ's Services, LLC—because all agree they are not the proper defendants. Defendants do not oppose this amendment.

Second, as a member of the United States Military, plaintiff seeks to assert claims on behalf of the United States under 42 U.S.C. §§ 2651-53 for the value of (1) the medical care, both past and future, provided him by the United States and (2) his pay that accrued for the period in which he was unable to perform his regular military duties. Defendants do not oppose this amendment.

Third, plaintiff seeks to add factual allegations and claims related to a fire that was occurring on Brickley's property at the time of the accident. According to defendants' initial disclosures, Brickley started a planned fire on the west side of I-35, but the fire unexpectedly jumped the highway to a field on the east side.[1] Johnson, who was helping control the fire in the west ditch of the highway from a truck with a water tank attached,

---

[1] ECF No. 28-1 at 2.

was directed by Brickley to drive the truck south on I-35, turn around at a rest area, and return to fight the fire on the east side of I-35.[2]  Johnson attempted to turn around instead at the break in the median.  Plaintiff's proposed amended complaint asserts new claims that Brickley was both negligent and negligent per se in setting and failing to control the fire, which led to a chain of events that resulted in the collision of Johnson's truck and plaintiff's car.  Defendants oppose the addition of factual allegations and claims related to the fire, arguing such amendments are futile and prejudicial to defendant.

**Legal Standards**

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15 dictates the court "should freely give leave when justice so requires."[3]  Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[4]  "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

---

[2] *Id.*

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

of amendment.'"[5] This case is in its early stages, such that most of these amendment concerns do not exist. But defendants do argue the addition of claims related to the fire would prejudice them and, in any event, are futile. The decision whether to grant leave to amend a complaint is within the trial court's discretion and will not be disturbed absent an abuse of discretion.[6]

**Analysis - Prejudice**

Defendants first argue they would be unduly prejudiced by the addition of the proposed new factual allegations and claims of negligence and negligence per se because the amendments would "increase the costs and length of this case."[7] Under Rule 15, undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[8] Although any amendment will cause some prejudice, the standard here is whether it would "work an injustice to the defendants."[9] "Most often, this occurs when the amended claims arise out of a subject

---

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[6] *Beach v. Mutual of Omaha Ins. Co.*, 229 F. Supp. 2d 1230, 1233 (D. Kan. 2002) (citing *Woolsey v. Marion Labs, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

[7] ECF No. 27 at 17.

[8] *Beach*, 229 F. Supp. 2d at 1233.

[9] *Id.*

4

matter different from what was set forth in the complaint and raise significant new factual issues."[10]

Defendants' assertions of undue prejudice are broad and conclusory. First, they argue the proposed allegations about the fire on Brickley property are "wholly unrelated" to the current claims in the case.[11] The court disagrees. The information plaintiff proposes to add is closely related to his current allegations, so much so that it is included in defendants' initial disclosures. The fire was occurring at the time of the accident and may have influenced the actions of defendants related to the vehicle collision.

Second, defendants complain the proposed amendments will expand discovery and lengthen the case, thereby violating Fed. R. Civ. P. 1's mandate to secure a just, speedy, and inexpensive decision on the merits. Although defendants will be required to expend resources to respond to additional allegations, the court does not find responding constitutes an undue burden, particularly because the court does not agree these are immaterial allegations. "While any amendment invariably causes some 'practical prejudice,' undue prejudice means that the amendment 'would work an injustice to the defendants.'"[12] "[T]he expenditure of time, money, and effort alone is not grounds for a

---

[10] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1208 (10th Cir. 2006).

[11] ECF No. 27 at 2.

[12] *Hirt v. Unified Sch. Dist. No. 287*, 308 F. Supp. 3d 1157, 1168 (D. Kan. 2018) (quoting *United States v. Sturdevant*, No. 07-2233, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008)).

finding of prejudice."[13] Defendants have not demonstrated the proposed amendments would work an injustice upon them. Thus, the court finds any prejudice they might incur insufficient to deny plaintiff's motion.

**Analysis - Futility**

Defendants further argue that permitting the amended pleading would be futile. "A proposed amendment is futile if the amended complaint would be subject to dismissal."[14] In making this determination, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[17] A complaint or amendment thereof need only make a

---

[13] *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009).

[14] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[15] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Little*, 548 F. App'x at 515 (quoting *Twombly,* 550 U.S. at 570).

6

O:\ORDERS\19-2629-JAR-24.docx

statement of the claim and provide some factual support to withstand dismissal.[18] The court does not consider documents or matters outside the pleadings in making this determination.[19] "The party opposing the proposed amendment bears the burden of establishing its futility."[20]

Defendants premise their futility arguments on an alleged lack of causation. Specifically, defendants assert the proposed amended complaint lacks factual content from which the court could infer the fire on the Brickley property was the cause of plaintiff's injuries, a required element of both the proposed negligence and negligence per se claims. In addition, with respect to the proposed negligence per se claim based on a violation of the El Dorado fire code, defendants assert no private cause of action exists as a matter of law.

After considering these arguments and the record in this case, the undersigned concludes the presiding U.S. District Judge, Julie A Robinson, is in the best position to decide whether plaintiff has satisfied the Rule 12(b)(6) standard. This case is in its early

---

[18] *Twombly*, 550 U.S. at 555.

[19] *Brokers' Choice of Amer., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). The court notes defendants reference four exhibits and at least two websites in support of their futility argument. The court does not consider these sources. Defendants' citation to *GFF Corp. v. Assoc'd Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)—for the rule that in deciding a motion to dismiss a court may consider a document referenced in a complaint and central to a plaintiff's claim—is of no consequence, as the outside sources at issue here were not referenced in the proposed amended complaint.

[20] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

stages, with discovery just starting and not scheduled to end until November 30, 2020. Plaintiff's proposed amendments are not clearly frivolous on their face, and district judges (as opposed to magistrate judges) are tasked with determining dispositive matters in a case.[21]  Thus, the undersigned exercises his discretion and grants plaintiff leave to file his proposed amended complaint.  Defendants then may re-assert their arguments in a dispositive motion filed for decision by Judge Robinson.  To be clear, the undersigned is not ruling plaintiff's amendments will survive a motion to dismiss challenge.  Rather, the undersigned is allowing the amendments and defers consideration of defendants' futility arguments to Judge Robinson.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend his complaint (ECF No. 24) is granted.  Plaintiff shall file the amended complaint by April 13, 2020.

Dated April 8, 2020, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge

---

[21] *See First Union Mortg. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).